# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**OMER RIVERS, #N2000**                                                  **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO. 4:09CV79-TSL-LRA**

**DALE CASKEY, ET AL**                                        **DEFENDANTS**

_____

## ORDER

This cause comes before the Court upon the motion for appointment of counsel [#19]; the motion to amend the complaint [#20]; the motion for injunctive relief [#21]; and, the motion to expedite the decision for appointment of counsel filed by Omer Rivers [hereinafter "Plaintiff"]. Plaintiff requests the Court to appoint him counsel to represent him in this conditions of confinement action brought pursuant to 42 U.S.C. §1983 regarding his medical care. Plaintiff contends that his vision is impaired due to injuries that he has sustained.

There is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. **Cupit v. Jones**, 835 F.2d 82, 86 (5th Cir. 1987). *See also* **Castro Romero v. Becken**, 256 F.3d 349, 353-54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases); **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir. 1982) (same). This Court has specifically

considered (1) the type and complexity of this case; (2) whether Plaintiff is capable of adequately presenting his case; (3) whether Plaintiff is in a position to adequately investigate the case; and, (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. **Ulmer v. Chancellor**, 691 F.2d 209, 212-213 (5th Cir. 1982).

Plaintiff has alleged that he should receive medical care by a specialist for his eye condition. The ARP responses he has attached indicate that Defendants are attempting to secure specialty treatment for Plaintiff. Plaintiff also charges that Defendants failed to protect him from an assault by gang members. Claims alleging delayed medical care in jails, and failure to protect, are fairly common among §1983 cases, and the Court is familiar with the applicable law. The claims are simple and straightforward and involve no complex theory of law which would require legal skills to develop. Furthermore, a review of the file in this case, including the pleadings, confirms that Plaintiff is capable of presenting the instant claims with limited assistance from the Court. Although Plaintiff's sight is impaired at this time, he is literate, and he can orally explain his case to the Court. Plaintiff may explain his case to the Court at the omnibus hearing in this cause and re-urge his motion, if he chooses. However, his pleadings indicate he is sufficiently capable of presenting his claims without the assistance of an attorney. The Court will apply the applicable law to the facts presented.

The Court concludes that there are no "exceptional circumstances" and that a just determination will be reached even if Plaintiff is required to proceed <u>pro se</u>.  The Court finds that the ultimate conclusion of this case would not differ if an attorney represented Rivers.

Plaintiff also requests that he be granted injunctive relief by the Court ordering Defendants to send him to a specialist for his eyes.  The elements that must be established to prevail on a request for injunctive relief have been long established in this circuit.  Specifically, the movant must show that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  The ARP responses indicate that Defendants are acting to try to obtain appropriate medical care for Plaintiff.  Under those circumstances, Plaintiff has not shown that a substantial threat of irreparable harm will result if an injunction is not granted at this early stage of the litigation.  Plaintiff's omnibus hearing has been scheduled, and he may re-urge the motion at that time.

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's motion for appointment of counsel and his motion for injunctive relief are **denied.** Plaintiff may re-urge the motions at the omnibus hearing to be conducted on September 14, 2009, if he chooses to do so.

2. Plaintiff's request that his motion for appointment of counsel be expedited is granted, and counsel is denied.

3. Plaintiff's motion requesting that his complaint be amended to change the name of Defendant "Unknown Hardin" to "Unknown Horton." The process was returned unexecuted as to "Unknown Hardin," and it would be preferable to locate additional identification on this defendant before attempting process again. Accordingly, the motion is denied without prejudice, and Plaintiff may re-urge his request at the omnibus hearing.

SO ORDERED, this the 14th day of August, 2009.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE