# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

OMER RIVERS                                                                                                   PLAINTIFF

v.                                                                              CAUSE NO. 4:09-CV-79-CWR-LRA

WARDEN DALE CASKEY, ET AL.                                                       DEFENDANTS

## ORDER

Before the Court is the defendants' motion for summary judgment. Docket No. 65. The plaintiff has responded, Docket No. 69, the defendants have replied, Docket No. 81, the plaintiff has filed two sur-replies, Docket Nos. 83 and 86, and the matter is ready for review. The motion will be granted in part and denied in part.

I. *Factual and Procedural History*

In 2009, then-inmate Omer Rivers filed this § 1983 suit alleging that he was assaulted several times by other inmates because the Mississippi Department of Corrections (MDOC) did not follow standard operating procedures. Docket No. 60, at 2-3. The assaults caused severe injuries which were not adequately treated by MDOC. *Id.* Rivers' complaint also describes that his cell was robbed multiple times. *Id.* at 2. He seeks compensatory and punitive damages from his jailers for his physical and mental injuries as well as his stolen property. *Id.* at 4-5.

II. *Present Arguments*

The defendants argue that Rivers failed to exhaust administrative remedies for all but one of his claims. Docket No. 66, at 6-14. While he filed a number of grievances through MDOC's Administrative Remedy Program (ARP), the only claim in this suit that proceeded through all three steps, they say, was Rivers' allegation that he was robbed of certain canteen items on October 4, 2009.[1] *Id.* at 11. Rivers withdrew or did not pursue his other grievances. *Id.* at 8-12. And many of the claims in this suit were not the subject of any grievance, the defendants argue. *Id.* at 13-14.

Regarding the exhausted claim, the loss of personal property, the defendants contend that it cannot proceed in this suit because there are adequate state remedies, including state-law claims for conversion and replevin. *Id.* at 14. They then explain why other theories sounding in negligence

---

[1] Rivers exhausted two other grievances which are not at issue in this suit. *See* Docket No. 66, at 9 and 11.

and supervisory liability cannot be sustained. *Id.* at 15-18.

In response, Rivers concedes all but one of his claims and theories – but a different one than the defendants. Docket No. 69. He argues that he properly exhausted a "sensitive issue" ARP presented directly to the MDOC Commissioner, which should therefore continue to be heard in this suit. *Id.* at 1-2.

In his sensitive issue ARP, dated April 13, 2009 and addressed to the Commissioner, Rivers said that property was stolen from his cell in late March 2009 and that he reported the theft to prison administrators. Docket No. 1, at 8-10. But an administrator told the responsible persons that Rivers had complained, and six inmates retaliated by assaulting Rivers and his cellmate. *Id.* at 10. Rivers' left eye was bleeding and swollen shut but his requests for medical treatment beyond Tylenol were rebuffed for over a week, he wrote. *Id.* at 10-12. He complained of triple vision and a potentially fractured skull. *Id.* at 12. Rivers requested that the officials be reprimanded, terminated, and ordered to pay his medical costs. *Id.* at 13.

Rivers has attached an April 21, 2009 letter from MDOC purportedly accepting the sensitive issue ARP. Docket No. 69-1, at 4. He observes that the letter was conveniently left out of the defendants' motion for summary judgment. *Id.* at 1. Rivers argues that the special issue ARP should have been resolved within 40 days after May 4, 2009, but was not responded to. *Id.* at 2. Upon the time period's expiration, the ARP was effectively denied, which makes his June 16, 2009 complaint timely. *Id.* Rivers has also attached a handwritten note from MDOC's former ARP Coordinator in which she stated that "lately some ARP's have been lost in the Commissioner's office." *Id.* at 9.

Further arguments on this issue contained in the defendants' reply brief and the plaintiff's sur-replies will be mentioned where relevant below.

Finally, the parties disagree about the practical effect of defendants (unknown) Hardin, (unknown) Johnson, and Sandra Atwood not being served with a summons and complaint. Docket Nos. 66, at 18; 70, at 4; 81, at 8; 86. That issue will also be addressed below.

III.    *Standard of Review*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record

showing a fact dispute. *Id.* at 56(c)(1). "When a party seeks summary judgment pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (citation omitted). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

IV.   *Discussion*

   A.   *Defendants Hardin, Johnson, and Atwood*

The Court will begin with the non-service of defendants Hardin, Johnson, and Atwood. The record shows that summons were issued for Hardin and Johnson but that these individuals could not be located. Docket Nos. 16, at 9-10; 17, at 1-4. It is too late to serve them now. *See* Fed. R. Civ. P. 4(m).

Regarding Atwood, it appears that the Court's Order directing service upon certain persons did not include Atwood, even though Atwood was listed in the complaint. *Compare* Docket No. 1 *with* Docket Nos. 10-11. Rivers followed-up to request that the Order be corrected so that Atwood could be served. Docket No. 23. That request was not docketed as a motion, though, which may have led to it evading the Court's attention. As a result, a summons did not issue for Atwood.

Because the mistake appears to be the Court's, and because the plaintiff asked the Court to issue a summons after noticing the clerical error, the Clerk of Court will be directed to issue a summons for Atwood. That step may not be futile because Atwood's location was known to defense counsel as recently as December 2010, when she signed an affidavit for the defendants. Docket No. 81-3. Because Atwood will likely be represented by that same attorney, the case should not require additional time for a new attorney to enter an appearance and familiarize him or herself with the issues in the case.

   B.   *Exhaustion of the Special Issue ARP*

"There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citations omitted). "[T]he benefits of exhaustion . . . include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does

3

occur by leading to the preparation of a useful record." *Id.* at 219 (citations omitted). Exhaustion is an affirmative defense. *Id.* at 212.

The question is whether the defendants have shown that Rivers' special issue ARP was not exhausted.

It is true that MDOC's April 21, 2009 letter accepted an ARP which "concerns being assaulted." Docket No. 69-1, at 4. It is not clear whether that letter referred to one of Rivers' previous ARPs or the special issue ARP. On that point, MDOC has submitted evidence summarizing the prison mail logs between April and December 2009. Docket Nos. 81-1, at 2; 81-2. The logs show that Rivers mailed a letter to the Commissioner on April 23, 2009. *Id.* If that mailing was the sensitive issue ARP, then it could not possibly have been accepted by MDOC on April 21.

Rivers' sur-reply concedes that his special issue ARP was actually mailed on April 23. Docket No. 83, at 2. He argues, however, that it presented an emergency matter required to be accepted or denied in writing within five days. *Id.* Since he received no response, he asserts that he was entitled to proceed to file suit. *Id.*

There is currently no evidence that the special issue ARP was ever denied in writing or otherwise returned to Rivers. It is damaging that MDOC's former ARP Coordinator told Rivers in writing that "lately some ARP's have been lost in the Commissioner's office." Docket No. 69-1, at 9. A prisoner cannot realistically exhaust a special issue ARP if it is lost by MDOC. Similarly, MDOC's general ability to produce documents in this lawsuit has been successfully called into question. The defendants now admit that due to an "oversight," they "accidentally omitted" the April 21 letter from their summary judgment attachments, even though they had originally sworn to having provided a true and correct copy of the complete file at issue. Docket No. 81-1.

Further, MDOC's 'overlapping' theory is not persuasive. While Rivers' various ARPs are somewhat overlapping in content, the special issue ARP is more broadly worded, such that it warranted its own response separate and apart from prior, standard ARPs.

Considering all the evidence in the light most favorable to the non-movant, the Court concludes that there are genuine issues of material fact concerning whether Rivers' special issue ARP was properly exhausted. The affirmative defense will be carried with the case to trial where

4

it may be proven or not proven.[2]

V.  *Conclusion*

For these reasons, it is hereby **ORDERED** that:

(1) The Clerk of Court shall issue a summons for defendant Sandra Atwood.

(2) Pursuant to Local Rule 4(b) and 28 U.S.C. § 1915(d), the United States Marshal shall serve Atwood.

(3) The defendants' motion for summary judgment is granted in part and denied in part, in that judgment is granted in the defendants' favor on all of Rivers' claims except those contained in his special issue ARP.

(4) The parties shall contact the undersigned's chambers before October 5, 2012, to schedule a status conference.

**SO ORDERED**, this the 28th day of September, 2012.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Rivers' request, the case will proceed as a bench trial. Docket No. 69, at 2.